UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DARREN R. VASATURO

VS.                                                  CIVIL ACTION NO. (1:15-cv-01736-JEB)

PETERKA et al.

MOTION FOR ORDER PERMITING PLAINTIFF TO SERVE THE SUMMONS

AND COMPLAINT TO DEFENDANT DOUGLASS BY EMAIL

1.      Though Plaintiff and Douglass lived in the same apartment building on the same floor two doors down from each other for nearly 10 years, Douglass moved in approximately 2009, after which his address became unknown and, in fact, concealed. Douglass' telephone number in Kyoto is not listed in the local White Pages telephone director, as is Defendant Dickinson's, for example. To restate for clarity, Douglass, if he is still in Kyoto, lives at an address that is unknown to Plaintiff, and not capable of being discovered through normal means. Therefore, based on Plaintiff's cursory research into case law, to the best of Plaintiff's understanding:

> "…the Hague Convention, on its own terms, does not apply where the address of the person to be served with the documents is not known..." (Case 1:15-cv-03701-AJN, Southern District of New York, Footnote 13 (p. 49 in filing), Document 20, filed 05/22/15)

2.      Furthermore, Douglass has transitioned from his local affiliations in Kyoto with the now defunct CIA front that was known as Global College Friends World and affiliated Long Island University as well as Kyoto Sangyo University. As described in Plaintiff's filing in this civil action, Document No. 30 (filed on the 30th of November, 2015):

> With respect to Douglass, Plaintiff notes that aside from the personal email account and Facebook account through which he has communicated with Douglass, Douglass is actively engaged in an e-commerce project (as described in the Complaint, "Deep English"), which also has a Facebook page and a Youtube page. Plaintiff could send a copy of the Summons and Complaint to Douglass at all four of

> those online addresses; for example, the Deep English website has a contact form here http://deepenglish.com/contact/, which lists a telephone number ((904) 385-8093) as well as an email address, info@deepenglish.com.

Douglass used a Gmail address to communicate with Plaintiff, dkdouglas@gmail.com, which was listed under the alias "Derek Douglass", though Defendant Douglass used his real name, Dan, in the last email he sent to Plaintiff, dated March 28, 2011.

3.      Moreover, a search of the subscription-based commercial database Radaris database returned no results for a Dan Douglass in the Jacksonville Florida area, nor for a business called "Deep English". Therefore, Plaintiff has no knowledge as to an address in the United States at which Douglass may be served by mail or personal service. Furthermore, Plaintiff has served Douglass at least in his "official capacity" via the CIA Office of General Counsel at the Litigation Division of the CIA, but that may be an effectively useless service with respect to serving Douglass in his individual capacity, which is essential to Plaintiff's allegations against Douglass in this civil action.

4. Plaintiff's research of the case law has led him to understand that the Court generally expects a Plaintiff to demonstrate a reasonable effort to effectuate service by conventional means before intervening to permit alternative service. Plaintiff believes that he has demonstrates a reasonable attempt to effectuate service on Douglass. Plaintiff has used all conventional means at his disposal to effect service on a Defendant whose residence and business addresses in both the Kyoto area of Japan and the United States, aside from the Office of General Counsel of the Litigation Division of the CIA.

> Prediction [Plaintiff] has met its burden, having actively, though unsuccessfully, attempted to obtain Rajgarhia's address in a variety of ways. 9 In this connection, it is worth observing the inapplicability of the Hague Convention, to which India is a signatory, because Rajgarhia's address is not known to Prediction. (*Prediction Co. v. Rajgarhia*, No. 09-cv-7459, 2010 WL 1050307, S.D.N.Y., 2010: Document 11, page 5, Filed 03/22/2010)).

Plaintiff has further ascertained that the constitutional due process rights of the person to be served the documents must not be violated due to the use of alternative service.

> "…any method of service authorized under Rule 4(0(3) must be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Ryan,* 2002 WL 1628933, at *2 *(quoting Mullane* v. *Cent. Hanover Bank* & *Trust Co.,* 339 U.S. 306, 314 (1950»). Indeed, the core function of service of process "is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson* v. *US.,* 517 U.S. 654, 672 (1996)." (*Prediction Co. v. Rajgarhia*, No. 09-cv-7459, S.D.N.Y, 2010: Document 10, page 14/16, Filed 03/05/2010)

Furthermore, considering that Douglass is engaged in e-commerce and is therefore assumed to check his business email address regularly in relation thereto, which also applies to the corresponding Facebook page of "Deep English", Plaintiff believes that Defendant Douglass would be provided adequate notice of this civil action that has been

filed against him through service by electronic means at each of the above-described addresses in the digital communications sphere, including email (both personal and e-commerce), and social networking websites (i.e., Facebook).

5. Wherefore Plaintiff respectfully requests the Court to issue an Order permitting Plaintiff to service process on Defendant Douglass by alternative service in the form of email and/or Facebook messaging. Here, Plaintiff notes that he has already sent a copy of the Complaint through Facebook's messaging service to friends and family members, and is therefore certain that the size of the corresponding pdf file (i.e., of the Complaint) is not too large to be sent as an attachment to a Facebook message.

Respectfully Submitted

Darren R. Vasaturo
502 Sun Lotus Ikeji
217 Owaricho, Nakagyoku
Kyoto, Japan 604-0934

Dated: January 5, 2016