UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREN VASATURO,<br><br>    Plaintiff,<br><br>    v.<br><br>SASHA PETERKA,<br><br>    Defendants. | Civil Action No. 15-1736 (JEB) |

**MEMORANDUM OPINION**

While many expatriate communities tend to be welcoming and assist newcomers in assimilating to their new surroundings, Plaintiff Darren Vasaturo contends that was not his experience. In this rather odd *pro se* action, he alleges that the expatriate community in Kyoto, Japan, is rife with Central Intelligence Agency officers who have conspired to deprive him of his civil rights and other entitlements. Yahiya Abdelsamad is the first (but surely not the last) of the 33 named Defendants to file a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, arguing that Plaintiff has failed to allege sufficient facts to support his lawsuit. The Court agrees.

**I.  Background**

In evaluating Abdelsamad's Motion to Dismiss, the Court must accept as true all facts alleged in Plaintiff's Amended Complaint and his Opposition. Vasaturo is an American citizen, currently residing in Kyoto. See Am. Compl., ¶ 1. He works as an "area specialist and Japanese-to-English translator." Id., ¶ 76. He holds a bachelor's degree in Interdisciplinary Studies in Social Sciences, with a focus on 20th Century East Asian History. Id., ¶ 46. During

his time in Kyoto, Vasaturo has interacted with a multitude of expatriates, many of whom who he claims have conspired against him to violate assorted constitutional rights.

In a long-winded and digressive 228-page Amended Complaint, Plaintiff sets forth what he lists as eight causes of action against no fewer than 33 Defendants.  See id. at 10 ("Table of Contents").  Amidst a landscape of rambling and semi-connected facts, Abdelsamad makes but a cameo appearance.  Plaintiff accuses him only of "Freemasonry" and being a CIA officer "(or MI6 proxy, etc.)" and of "undermin[ing] [his] friendship with [David] Chapman for personal reasons related to his desire to remain in Kyoto, like the other CIA officers that sought to displace Plaintiff from Kyoto."  Am. Compl., ¶ 153.  These facts appear in the "Conspiracy" section, although that runs 67 pages and touches on all manner of topics.

In his 45-page Opposition to Abdelsamad's brief Motion to Dismiss, Plaintiff patches together a series of puzzling comments about this Defendant, including that he may know the other Defendants because "Abdelsamad admit[ed] that he attended Kyoto University during the time frame in which [Defendant Sasha] Peterka visited me in Kyoto multiple times, during the early stages of the conspiracy."  Opp., ¶ 11.  Abdelsamad also has an "as yet unacknowledged and hitherto mysterious relationship to an old friend, David Chapman (attorney at law)."  Id., ¶ 3.  Plaintiff also states that "Chapman said that Abdelsamad: '. . . *told me that if I mentioned to you that I met him – he would kill me*.'"  Id., ¶ 11 (italics and underlining original).  Finally, perhaps as a musical interlude, Vasaturo notes that Abdelsamad "played the bagpipes along the banks of the Kamo River in Kyoto, which is also where I play the shakuhachi."  Id., ¶ 12

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  In evaluating Defendant's

Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant Plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (citation omitted)); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The notice-pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and [he] must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, " a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papsan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). For a plaintiff to survive a 12(b)(6) motion even if "recovery is very remote and unlikely," moreover, the facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In evaluating the sufficiency of Plaintiff's Complaint under Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." Equal Emp't

Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). In addition, the Court must consider a *pro se* litigant's Complaint "in light of" all filings, including those responsive to a motion to dismiss. Brown v. Whole Foods Market, 789 F.3d 146, 152 (D.C. Cir. 2015).

**III.    Analysis**

As the Background section makes manifest, the Court has little idea what activities Vasaturo is alleging that Abdelsamad conducted. As his actions are described in the "Conspiracy" count, perhaps that is the allegation here. Yet Plaintiff never clearly explains who engaged in a conspiracy or to what end. And his pleadings certainly do not allege that Abdelsamad took any acts in furtherance of such conspiracy.

Courts have dismissed conspiracy claims where, for example, plaintiffs simply alleged that defendants had "agreed" or "conspired" to violate their rights but did not provide a "description of the persons involved in the agreement, the nature of the agreement, what particular acts were taken to form the conspiracy, or what overt acts were taken in furtherance of the conspiracy." Bush v. Butler, 521 F. Supp. 2d 63, 68-69 (D.D.C. 2007); see also, e.g., Mattiaccio v. DHA Group, Inc., 20 F. Supp. 3d 220, 230 (D.D.C. 2014) (plaintiff failed to plead conspiracy where she only alleged that defendants "entered into an agreement to commit an illegal act of defamation against [p]laintiff" and that other defendants "authorized, instigated, condoned and/or participated in the conspiracy to commit the defamation"); Acosta Orellana v. CropLife Intern., 711 F. Supp. 2d 81, 113 (D.D.C. 2010) (dismissal of conspiracy claim warranted because plaintiff alleged only that defendants "acted in concert" and did not, for example, "provide any indication of when or how such an agreement was brokered, or how

[certain] Defendants specifically, as opposed to all the named defendants generally, were parties to an agreement").

The Court has grave doubts about the legitimacy of this Amended Complaint and is concerned that the actions described have no connection beyond fantasy. It will nonetheless dismiss Abdelsamad as a Defendant without prejudice such that Vasaturo may move to again amend his Complaint if he can articulate a legitimate cause of action against Abdelsamad.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendant Abdelsamad's Motion to Dismiss without prejudice. A contemporaneous Order will so state.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: April 11, 2016